IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| FINANCIAL PACIFIC LEASING, INC., | ) | |
| | ) | Civil Action No. 3:20CV00066 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | Hon. Glen E. Conrad |
| MOESS TRUCKING LLC, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

This case is presently before the court on the motion for default judgment filed by Plaintiff Financial Pacific Leasing, Inc. ("Financial Pacific").   For the reasons set forth below, the motion will be granted.

## Background

On October 30, 2020, Financial Pacific, a Washington corporation based in Federal Way, Washington, commenced this diversity action against Moess Trucking LLC ("Moess Trucking") and David Allen Moess (collectively, "Defendants").   The complaint contains three counts: breach of contract against Moess Trucking (Count I); breach of contract against Mr. Moess (Count II); and petition in detinue against Moess Trucking (Count III).

Defendants were served with process in November of 2020, and they failed to answer or otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure.   On December 22, 2020, the Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).   Financial Leasing now seeks default judgment under Rule 55(b).

**Standard of Review**

When defendants default by failing to respond to a complaint, the court accepts the plaintiff's allegations against them as true for purposes of liability.  DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Thus, at this stage of the proceedings, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein."  Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999).

If the court concludes that liability is established, it must then determine the appropriate relief.  The court may make a determination as to damages without a hearing as long as there is an adequate evidentiary basis in the record for the award.  See Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (recognizing that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co., 919 F. Supp. 2d 680, 685 (D. Md. 2013) (noting that a district court is not required to conduct a hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum").

**Discussion**

I.    **Liability**

According to the complaint and its attached exhibits, Moess Trucking executed an equipment finance agreement (the "Agreement") with a third party, Smart Business Credit, on December 10, 2019.  Pursuant to the Agreement, Moess Trucking obtained financing to acquire a

2016 Mac trailer with the vehicle identification number 5MADN4029GC034001 (the "Trailer"), along with "any replacement parts, additions, or accessories now or hereafter incorporated in or affixed" (collectively, the "Collateral").   Agreement at 1 & Equipment List, ECF No. 1-1.   The Agreement contains a personal guaranty executed by Moess (the "Guaranty"), pursuant to which he "unconditionally and irrevocably guarantee[d] [Moess Trucking's] timely payment and performance of all obligations" under the Agreement.   Agreement at 1.

Pursuant to an assignment dated December 10, 2019 (the "Assignment"), Smart Business Credit assigned to Financial Pacific "all of its right, title and interest in and to the Agreement and all addenda, including all rights to receive all amounts due and to become due, and all of [Smart Business Credit's] rights and remedies, thereunder."   Assignment at 1, ECF No. 1-2.   Smart Business Credit further assigned to Financial Pacific "all if its rights pursuant to any and all guaranties . . . under the Agreement" and "all of its right, title and interest with respect to the equipment described in the Agreement."   Id.   Financial Pacific evidenced its interest in the Collateral by having its lien noted on the certificate of title for the Trailer.

The Agreement includes a list of circumstances that "will cause [Moess Trucking] to be in default," including the failure of Moess Trucking "to pay any amount due under this Agreement" and the failure of any guarantor to perform its obligations.   Agreement at 2, ¶ 11.   The Agreement provides for a number of remedies in the event of default, including the following:

> (1) retain your deposit and all payments made by you; (2) terminate this Agreement and any other agreements we have with you; (3) require you to immediately pay us a sum equal to all unpaid payments for the remainder of this Agreement, plus all other amounts due or to become due during the term of this Agreement; [and/or] (4) require you to promptly return the Equipment to us at your expense . . . .

Id.   The Agreement further provides that Moess Trucking is responsible for covering the attorneys' fees and costs incurred in pursuing such remedies:

> You agree that all remedies are cumulative and not exclusive and
> you will be responsible for all costs and disbursement incurred in
> the enforcement of our remedies, including attorney fees and costs,
> whether or not suit becomes necessary, including those incurred in
> connection with an appeal or bankruptcy proceeding, plus costs
> incurred in Equipment repossession, redelivery, storage, and repair
> . . . .

Id.

Financial Pacific alleges that "Moess Trucking breached the terms of the Agreement by, among other things, failing to make payments to Financial Pacific when and as due."  Compl. ¶ 10, ECF No. 1.  Because of the default, "Financial Pacific accelerated all amounts due under the Agreement and demanded payment from Moess Trucking."  Id. ¶ 11.  Despite the demand, "Moess Trucking failed to pay Financial Pacific the amounts owed under the Agreement."  Id. Likewise, "Mr. Moess defaulted under the Guaranty by failing and refusing to pay or perform thereunder, despite Financial Pacific's demand that he pay the obligations of Moess Trucking owed to Financial Pacific."  Id. ¶ 13.  In addition, Moess Trucking refused to surrender possession of the Collateral when demanded to do so.  Id. ¶ 29.  As a result of Defendants' defaults, Financial Pacific sustained financial losses.  Id. ¶¶ 20, 25, 31.

### A.   Counts I and II: Breach of Contract

In Counts I and II, Financial Pacific asserts claims for breach of contract against Moess Trucking and Mr. Moess.   Under Washington law,* a plaintiff must prove three elements in a breach of contract action: (1) the existence of a valid agreement; (2) a breach of that agreement; (3)

---

* Because the Agreement states that "all matters related to this Agreement are governed by the laws of the State of Washington," the court will apply Washington law.   Agreement at 2, ¶ 15; see also K12 Insight, LLC v. Johnston Cnty. Bd. of Educ., 796 F. App'x 166, 169 n.2 (4th Cir. 2020) ("A federal court sitting in diversity applies the forum state's choice-of-law rules . . . . In Virginia, such choice-of-law clauses are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair, or are affected by fraud or unequal bargaining power.   In this case, neither [party has] claimed that the choice-of-law provision is somehow unfair or affected by fraud.   As a result, the choice-of-law clause is valid.") (internal quotation marks and citations omitted).   In any event, Virginia law requires proof of the same elements to prevail on a claim for breach of contract. See Navar, Inc. v. Fed. Bus. Council, 784 S.E.2d 296, 299 (Va. 2016) ("[T]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.") (alteration in original) (internal quotation marks and citation omitted).

and resulting damage.  Univ. of Wash. v. Gov. Empls. Ins. Co., 404 P.3d 559, 566 (Wash. Ct. App. 2017).

Upon review of the complaint and its attached exhibits, the court concludes that Financial Pacific has established Defendants' liability for breach of contract.  The Agreement, Guaranty, and Assignment are valid contracts.  Defendants failed to fulfill their respective contractual obligations.  As a result, Financial Pacific sustained financial losses.  Accordingly, Financial Pacific has demonstrated that Moess Trucking and Mr. Moess are liable for breach of contract.

**B.      Count III: Petition in Detinue**

Count III is styled as a petition in detinue against Moess Trucking.  In Virginia, "[a]n action for detinue lies when a party unlawfully withholds the personal property of another." SecureInfo Corp. v. Telos Corp., 387 F. Supp. 2d 593, 620 (E.D. Va. 2005).  To prevail in such action, the following elements must be established: (1) the plaintiff has a property interest in the item sought to be recovered; (2) the plaintiff has the right to its immediate possession: (3) the property is capable of identification; (4) the property has some value; and (5) the defendant had possession of the property at some time prior to the institution of the action.  D.T. Vicars v. Atl. Disc. Co., 140 S.E.2d 667, 670 (Va. 1965).  Similarly, Washington's replevin statute permits a plaintiff to recover possession of personal property after establishing "ownership of the property, a right to its possession, a demand on the respondents for its surrender, their refusal to surrender it, and their consequent wrongful detention of same."  SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found., 427 P.3d 688, 691 (Wash. Ct. App. 2018) (internal quotation marks and citation omitted).

Accepting as true the well-pleaded allegations in the complaint, Financial Pacific has established that it is entitled to the return of the Collateral under either Virginia or Washington law.  Because Moess Trucking breached its obligations under the Agreement, the company is in

default.   Pursuant to the Agreement, Financial Pacific has a property interest in the Collateral and is entitled to its immediate return.   However, Moess Trucking has refused to surrender the Collateral when demanded to do so and remains in wrongful possession of the Collateral.   The court is satisfied that the facts alleged in the complaint are sufficient to demonstrate that Financial Pacific is entitled to possession of the Collateral under Count III.

## II.   Requested Remedies

Having concluded that liability is established, the court must now determine the relief to which Financial Pacific is entitled.   Financial Pacific specifically seeks to recover (1) damages in the form of unpaid principal, late charges, and collection fees; (2) attorneys' fees and litigation costs; (3) post-judgment interest; and (4) and possession of the Collateral.

### A.   Damages for Unpaid Principal and Related Charges

Financial Pacific has submitted a sworn declaration from Kerry Creson, a legal specialist at Financial Pacific, along with a spreadsheet listing payments made by Moess Trucking.   See Creson Decl. & Decl. Ex. A, ECF No. 9-1.   In her declaration, Ms. Creson states that she has personal knowledge of the books of accounts and records concerning this matter.   The declaration indicates that as of December 30, 2020, Moess Trucking and Mr. Moess owe Financial Pacific $74,390.59 in unpaid principal, $2,741.16 in late charges, and $115.74 in miscellaneous collection fees.   The court is satisfied that the declaration provides a sufficient evidentiary basis for an award of damages in the amount of $77,247.49.   Accordingly, judgment will be entered in favor of Financial Pacific for the total balance due as of December 30, 2020.

### B.   Attorneys' Fees and Litigation Costs

Financial Pacific also seeks to recover its attorneys' fees and litigation costs.   Under the Agreement, Financial Pacific is entitled to "attorney fees and costs, whether or not suit becomes necessary."   Agreement at 2, ¶ 11.   Financial Pacific has submitted a declaration from its

6

attorney, Jeremy Friedberg, along with billing records detailing the work done in the case, the rates charged by Mr. Friedberg and his paralegal, and the litigation costs incurred by Financial Pacific. See Friedberg Decl. & Exs., ECF No. 9-2.   The declaration and attached exhibits indicate that Financial Pacific has incurred attorneys' fees in the amount of $3,100.50.   The records also indicate that Financial Pacific has incurred litigation costs in the amount of $580.00, which include the costs associated with filing the instant action.   The court finds that the amount of the claimed attorneys' fees is reasonable and that the record supports awarding costs in the amount requested by Financial Pacific.   Accordingly, the judgment will include an award of attorneys' fees and costs in the amount of $3,680.50.

### C.    Post-Judgment Interest

Financial Pacific is also entitled to post-judgment interest.   Post-judgment interest is mandatory under 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."   Post-judgment interest shall accrue at the statutory rate.   See 28 U.S.C. § 1961(b).

### D.    Possession of the Collateral

Finally, for the reasons set forth above, the court concludes that Financial Pacific is entitled to possession of the Collateral.   Accordingly, the court will award possession of the Collateral to Financial Pacific.

### Conclusion

For the reasons stated, the court will grant Financial Pacific's motion for default judgment. The court will enter judgment in favor of Financial Pacific and against Defendants in the total amount of $80,927.99, consisting of $77,247.49 in damages and $3,680.50 in attorneys' fees and litigation costs.   The court will also award possession of the Collateral to Financial Pacific.

The Clerk is directed to send a copy of this memorandum opinion to all counsel of record.

ENTER: This __27th__ day of January, 2021.

_____

Senior United States District Judge